IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY McCRIGHT,

        Plaintiff,

v.

DR. LELAND BEAMER, et al.,

        Defendants.

Case No. 2:17-cv-00942-MO

ORDER

MOSMAN, District Judge.

    This prisoner civil rights case comes before the Court on Plaintiff's Motion for Preliminary Injunction (#23) seeking an immediate change in his heart medication and heart surgery. Where Plaintiff fails to establish either a likelihood of success on the merits of his Eighth Amendment medical claim, or a likelihood that he will suffer irreparable injury in the absence of an injunction, the Motion for Preliminary Injunction is denied.

1 - ORDER

## STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

## DISCUSSION

Plaintiff asserts that he has been diagnosed with Degenerative Valvular Heart Disease ("DVHD"). He claims that Dr. Jeffery M. Lehr, an outside physician, provided him with a treatment plan consisting of an unidentified medication and

2 - ORDER

surgery. According to Plaintiff, he has repeatedly asked Defendants to implement Dr. Lehr's treatment plan but they have refused. Plaintiff fears that the delay in receiving his desired medication and surgical treatment are not only exposing him to unnecessary pain, but also a significant risk of death.

In order to prevail on a claim of the denial of adequate medical care in violation of the Eighth Amendment, Plaintiff must establish that Defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Defendant Beamer, a Corrections Physician Specialist at Plaintiff's prison, does not dispute that Plaintiff suffers from DVHD, and agrees that he "will need to have his heart valve replaced in the near future." Declaration of Leland Beamer, p. 2. In fact, Dr. Beamer recommended Plaintiff for referral to a cardiologist for further evaluation. *Id.* However, he is of the opinion that, "[a]t this point in time, there are no signs of deterioration or anything else that would cause me concern

3 - ORDER

that Mr. McCright's surgery needs to be performed immediately. . . ." *Id*.

Plaintiff's Eighth Amendment claim is based upon what Plaintiff represents to be a difference of medical opinion between Dr. Lehr and Dr. Beamer. A difference of medical opinion between doctors over medical treatment does not amount to deliberate indifference to Plaintiff's serious medical need. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Likewise, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under § 1983. *See, e.g., Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir1971); *Mayfield v. Craven*, 433 F.2d 873 (9th Cir. 1970); *McKinney v. People of State of Cal.*, 427 F.2d 160 (9th Cir. 1970). Plaintiff therefore fails to demonstrate a likelihood of success on the merits of his Eighth Amendment claim.

Not only does Plaintiff fail to demonstrate a likelihood of success on the merits of his claim, but he has not established that he is likely to suffer irreparable injury if a preliminary injunction does not issue. Although he fears his DVHD might be fatal if it is not immediately treated in the manner suggested by Dr. Lehr, the medical records Plaintiff submits with his

Declaration do not support this contention. *See* Declaration of Larry McCright (#24). The Court is left with Dr. Beamer's Declaration that there are no signs of deterioration or that surgery needs to be performed immediately, Beamer Declaration (#28), p. 2, a view that is supported by Plaintiff's own submissions where his April 25, 2018 echocardiographic study (performed by Dr. Lehr) concludes, "There are no significant changes noted in comparison to the previous echocardiographic study, done 9/1/2017." McCright Declaration (#24), Exhibit B, p. 11.

Where Plaintiff fails to establish either a likelihood of success on the merits of his Eighth Amendment claim or a likelihood of irreparable injury in the absence of preliminary injunctive relief, his Motion lacks merit.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (#23) is denied.

IT IS SO ORDERED.

DATED this 7͞2͞ day of August, 2018.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

5 - ORDER