IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**LARRY McCRIGHT,**

Plaintiff,

v.

**DR. LELAND BEAMER et al.,**

Defendants.

No. 2:17-cv-00942-MO

OPINION AND ORDER

**MOSMAN, J.,**

This action comes before me on Defendants' Motion for Summary Judgment [43]. For the following reasons, I GRANT Defendants' Motion for Summary Judgment.

**BACKGROUND**

Plaintiff Larry McCright is a prisoner in the custody of the Oregon Department of Corrections (ODOC), currently housed at the Eastern Oregon Correctional Institution (EOCI) in Pendleton. McCright is suing prison officials in their individual and official capacities for violating his Eighth Amendment rights by denying or delaying medical care for a urinary tract issue and a heart murmur issue (Degenerative Valvular Heart Disease—DVHD). I previously denied McCright's Motion for a Preliminary Injunction [23] based on his failure to demonstrate a likelihood of success on the merits and failure to show he is likely to suffer irreparable injury if a preliminary injunction did not ensue. Order [31]. Following that denial, Defendants moved for summary judgment.

## LEGAL STANDARD

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). While the movant has the burden of showing that no genuine issue of fact exists, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(e)). The initial burden is on the moving party to show that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is met, the burden shifts to the non-moving party to show through the production of evidence that an issue of fact remains to be tried. *Id* at 324.

## DISCUSSION

*1. Failure to Exhaust Administrative Remedies*

Defendants first argue that McCright did not exhaust the ODOC's grievance procedure requirements for his urinary tract issues. The Prison Litigation Reform Act requires prisoners to exhaust all available remedies before filing a § 1983 action. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). McCright has filed several grievances related to his DVHD issue, but none related to his urinary tract issues. Defendants acknowledge that one grievance filed may refer to the urinary tract issues, but that grievance was filed after the filing of the complaint in this suit and has not been exhausted. Due to this failure to exhaust his administrative remedies, I agree with Defendants and GRANT summary judgment on McCright's urinary tract issues.

### 2. Failure to Sufficiently Plead Deliberate Indifference

In order to prevail on a claim of the denial of adequate medical care in violation of the Eighth Amendment, McCright must establish that Defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000. Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A difference of medical opinion between doctors over medical treatment does not amount to deliberate indifference to a plaintiff's serious medical need. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

McCright's contentions in his previous Motion for a Preliminary Injunction [23] are relevant here. In that motion, and in his Complaint, he alleges that Dr. Lehr, an outside physician, recommended an unknown medication and surgery to fix his DVHD. Dr. Beamer, a physician specialist at EOCI, agrees that McCright has DVHD and will need surgery at some point. Dr. Beamer is monitoring McCright's situation but does not think McCright needs immediate surgery. McCright wants ODOC to implement Dr. Lehr's plan immediately, because he is concerned failure to do so will lead to pain and risk of death. Unfortunately, McCright has not submitted any evidence supporting this contention. The medical records he submitted with his Motion for Preliminary Injunction do not support this. Dr. Beamer's Declaration [28] states that there are no signs of deterioration of McCright's DVHD and nothing to show that surgery should be performed immediately. McCright submitted a study performed by Dr. Lehr in 2018 stating that McCright's heart shows "no significant changes noted in comparison to the previous echocardiographic study" conducted in 2017. McCright Decl. [24] Exhibit B at 11.

McCright's argument for deliberate indifference is based on an alleged disagreement in

treatment plans between Dr. Lehr and Dr. Beamer. McCright also alleges that Defendants have been deliberately indifferent to his heart condition by not permitting immediate surgery, which McCright fears may cause pain and long-term damage. Even if a difference in the opinions of Drs. Lehr and Beamer existed, a difference of medical opinion cannot amount to deliberate indifference. Further, I found in my previous order [31] that McCright has not submitted any evidence supporting his contention that serious harm may result without the immediate treatment he desires but has in fact submitted evidence supporting the opposite contention. For these reasons, I GRANT summary judgment on the issue of McCright's heart condition, with leave to amend.

## CONCLUSION

Because McCright has failed to exhaust his administrative remedies on his urinary tract issue, and because he has failed to demonstrate that a genuine issue of fact exists regarding his claim of deliberate indifference, I GRANT summary judgment on both claims with leave to amend. McCright has thirty (30) days in which to file an amended complaint. McCright is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

DATED this 17 day of May, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge