IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**LARRY McCRIGHT,**

               Plaintiff,                          No. 2:17-cv-00942-MO

    v.

                                          OPINION AND ORDER

**DR. LELAND BEAMER et al.,**

               Defendants.

**MOSMAN, J.,**

This action comes before me once more on Defendants' Motion for Summary Judgment [ECF 116]. For the following reasons, I GRANT Defendants' motion and DISMISS this case.

## BACKGROUND

Plaintiff Larry McCright brings this civil rights action under 42 U.S.C. § 1983 against various medical employees of Oregon Department of Corrections ("ODOC"). In his first complaint, Mr. McCright alleged Defendants were deliberately indifferent to a variety of his serious medical conditions, including urinary issues and a heart condition. *See generally* Compl. [ECF 1].

In August 2018, I denied Mr. McCright's Motion for Preliminary Injunction. Order [ECF 31]. Mr. McCright had sought an immediate change in his heart medication and heart surgery. *Id.*

at 1. I denied his request because he failed to establish a likelihood of success on the merits and a

likelihood of irreparable injury. *Id.* at 5.

In May 2019, I granted Defendants' Motion for Summary Judgment, but I gave Mr.

McCright leave to amend his complaint. Op. & Order [ECF 76] at 4. As to his urinary issues, I

ruled Mr. McCright had failed to exhaust his administrative remedies. *Id.* at 2. As to his heart

condition, I ruled Mr. McCright had failed to demonstrate the existence of a genuine issue of

material fact. *Id.* at 4.

Mr. McCright has since filed an Amended Complaint [ECF 95]. In addition to the claims

raised in his first complaint, Mr. McCright alleges Defendants violated his Eighth Amendment

rights by assigning him an unsafe bed and failing to timely provide pain medication following

heart surgery. Am. Compl. [ECF 95] ¶¶ 46–47. Defendants have filed another Motion for

Summary Judgment [ECF 116].

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The initial burden is on the moving party to show that no genuine issue of material

fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). While the movant has the initial

burden, the nonmoving party "may not rest upon mere allegation or denials of his pleading, but

must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also* Fed. R. Civ. P. 56(e). The nonmoving party must

show through the production of evidence that an issue of fact remains to be tried. *Celotex Corp.*,

477 U.S. at 324.

## DISCUSSION

For the following reasons, I DISMISS all Mr. McCright's claims either for (1) failure to exhaust administrative remedies, or (2) failure to demonstrate the existence of a genuine issue of material fact.

## I.    Failure to Exhaust Administrative Remedies

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[1] A prisoner must exhaust administrative remedies before filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1200–01 (9th Cir. 2002) (per curiam). If a prisoner has failed to exhaust, the court will dismiss the claim without prejudice. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

As stated above, I previously granted summary judgment in favor of Defendants on Mr. McCright's urinary issues because Mr. McCright failed to exhaust his administrative remedies. Mr. McCright includes those issues in his amended pleading. Am. Compl. [ECF 95] ¶¶ 18–23. He does not, however, assert he exhausted administrative remedies as to those issues. *Id.* ¶¶ 15–17. Nor does he provide any evidence of exhaustion of those issues. *See generally* Pl.'s Exs. [ECF 96]. He argues he submitted two medical grievances related to this action. Pl.'s Resp. [134] at 3. Neither of those grievances is related to his urinary issues. Pl.'s Exs. [96] A–B. Joshua Ybarra, a Grievance Coordinator for ODOC, conducted "a thorough search of Mr. McCright's

---

[1] Mr. McCright has been released from confinement, but this action arises from events that transpired while he was incarcerated. Larry McCright Decl. [ECF 132] ¶ 2. Since he has been released, his request for an order requiring Defendants to "continue to treat Plaintiff's serious medical conditions and provide all necessary medications and medical care" is denied as moot. *See* Am. Compl. [ECF 95] at 12.

grievance records" and found "none relating to urinary issues." Joshua Ybarra Decl. [ECF 120] ¶ 18; *see also id.* Exs. 2–3. Accordingly, I again find Mr. McCright failed to exhaust his administrative remedies as to his urinary issues, and I GRANT summary judgment in favor of Defendants on those issues.

In addition to his urinary issues and heart condition, Mr. McCright raises two additional issues in his amended pleading. First, he alleges he was "assigned an unsafe broken spear bed" after he returned from heart surgery. Am. Compl. [ECF 95] ¶ 46. Second, he alleges Defendants failed to provide him with lidocaine patches to help control his pain. *Id.* ¶ 47. Mr. McCright did not exhaust his administrative remedies as to his allegation of an unsafe bed. Pl.'s Exs. [96] A–B; Ybarra Decl. Ex. 2. Accordingly, I GRANT summary judgment in favor of Defendants on that issue. However, Defendants concede Mr. McCright exhausted his administrative remedies as to his allegation regarding pain medication. Defs.' Mot. Summ. J. [ECF 116] at 9.

In sum, two matters may go forward: (1) Mr. McCright's claim of deliberate indifference as to his heart condition pre-surgery; and (2) Mr. McCright's claim of deliberate indifference regarding the delay in receiving lidocaine patches for pain post-surgery. I DISMISS without prejudice his remaining claims for failure to exhaust.

## II.    Failure to Demonstrate Existence of Genuine Issue of Material Fact as to Deliberate Indifference

"A public official's 'deliberate indifference to a prisoner's serious illness or injury' violates the Eighth Amendment ban against cruel punishment." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion does not amount to a

deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240,

242 (9th Cir. 1989). To show deliberate indifference, a prison must prove "the official knows of

and disregards an excessive risk to inmate health or safety." *Clement*, 298 F.3d at 904 (quoting

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mere delay is insufficient to state a claim of

deliberate medical indifference unless the delay was harmful. *Shapley v. Nev. Bd. of State Prison*

*Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

"A plaintiff must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on

the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

1998).

As discussed below, I find Defendants have satisfied their initial burden to show that no

genuine issue of material fact exists, and Mr. McCright fails to set forth specific facts showing

that there is a genuine issue for trial. I explain in turn why his claims against each Defendant fail.

### A.    David Brown

Mr. McCright alleges David Brown "provided false information to Annetta McCright,"

Mr. McCright's mother, when he informed her that Mr. McCright was receiving lidocaine

patches. Am. Compl. [95] ¶ 43. According to Ms. McCright, Mr. Brown incorrectly informed her

that Mr. McCright had received a lidocaine patch. Annetta McCright Decl. [ECF 97] ¶¶ 3–4. Ms.

McCright states: "Mr. Brown was either repeating information passed on to him or just wasn't

being honest." *Id.* ¶ 4. For his part, Mr. Brown claims his incorrect statement was the result of a

"mis-read." Pl.'s Exs. [ECF 96] Ex. R; *see also* Adam Kidwell Decl. [ECF 121] Ex. 2, at 4.

Mr. McCright has failed to demonstrate the existence of a genuine issue of material fact

as to whether Mr. Brown acted with deliberate indifference. Mr. McCright does not set forth

specific facts that Mr. Brown knew Mr. McCright needed lidocaine patches, had not received

them, and his failure to receive the patches posed an excessive risk to his health or safety. If Mr.

McCright had done so, then perhaps Mr. Brown's statement to Ms. McCright could be

circumstantial evidence of deliberate indifference. But standing alone, Mr. Brown's incorrect

statement to Mr. McCright's mother does not rise to the level of a constitutional violation.

### B.    Heidi Miller

Mr. McCright alleges Heidi Miller violated his constitutional rights by failing to provide

pain medication in a timely fashion. Am. Compl. [ECF 95] ¶ 47. Specifically, Mr. McCright

alleges he was supposed to begin receiving lidocaine patches to help control his pain on March

13, but Ms. Miller did not order the patches until March 22, and he did not receive his first patch

until April 1. *Id.*; *see also* Pl.'s Exs. [ECF 96] Exs. S, U. Defendants concede Mr. McCright

experienced a nearly one-month delay in receiving lidocaine patches. Defs.' Mot. Summ. J. [ECF

116] at 12. However, they provide evidence that Mr. McCright received other pain medications

in the interim—and even declined pain medicine on multiple occasions.  Kidwell Decl. [ECF

121] Ex. 2, at 4, 7; *see also* Pl.'s Exs. [ECF 96] Ex. B, at 1

Mr. McCright fails to set forth specific facts showing that the delay in receiving lidocaine

patches was harmful. A showing of delay without harm is insufficient to establish a

constitutional deprivation under the Eighth Amendment. *Shapley*, 766 F.2d at 407. Mr. McCright

also fails to set forth specific facts showing that the delay was the result of anything other than

simple negligence. A showing of mere negligence is also insufficient to establish a constitutional

deprivation under the Eighth Amendment. *Toguchi*, 391 F.3d at 1060.

### C.    Carrie Coffey

Mr. McCright claims Ms. Coffey was responsible for the delay in receiving lidocaine patches. *Id.* ¶ 47. But Mr. McCright fails to allege facts that show Ms. Coffey was personally involved in the delay. Even if he had, for the reasons discussed above, the delay did not rise to the level of a constitutional violation.

### D.    Dr. DiGiulio

Mr. McCright alleges Dr. DiGiulio caused him to miss follow-up treatment after surgery for his urinary issues. Am. Compl. [ECF 95] ¶ 23. Mr. McCright seems to suggest his heart condition would have been caught during that missed treatment. *Id.* ¶ 24. To the extent this allegation is related to the urinary issues, I have already determined Mr. McCright failed to exhaust his administrative remedies. In any event, this conclusory allegation fails to satisfy the high legal standard of deliberate indifference. *Toguchi*, 391 F.3d at 1060 ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

Mr. McCright also alleges Dr. DiGiulio should not have responded to his latest grievance regarding the delay in receiving lidocaine patches because Dr. DiGiulio is a named Defendant in this action. Am. Compl. [ECF 95] ¶ 44. According to Mr. McCright, "Dr. DiGiulio's involvement had a harmful influence on Plaintiff's grievance and must be treated highly prejudicial." *Id.*

This claim fails. I review Mr. McCright's grievances to ensure he has exhausted his administrative remedies. I have already determined he exhausted his remedies as to his claim regarding the lidocaine patches. Since that claim is properly before me, I conduct an independent analysis into whether Defendants violated Mr. McCright's constitutional rights. Mr. McCright

has failed to establish a constitutional deprivation under the Eighth Amendment because he fails to show that any delay caused harm or more than simple negligence. The fact that Dr. DiGiulio participated in the grievance process does not affect my decision on the constitutional issues before me.

### E.    Sara Johnson

Mr. McCright makes the same allegation against Sara Johnson that he made against Dr. DiGiulio: she caused him to miss follow-up treatment after surgery for his urinary issues and thereby failed to diagnose his heart condition. *Id.* ¶¶ 23–24. This allegation fails for the same reasons described above.

Additionally, Mr. McCright alleges Ms. Johnson was "fully aware" that his severe medical condition required treatment and that he was suffering psychological trauma. *Id.* ¶ 39. However, he fails to allege specific facts that show Ms. Johnson was personally involved in the deprivation of his civil rights. *Barren*, 152 F.3d at 1194 ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). He also fails to support his conclusory allegation with any evidence. Accordingly, Mr. McCright fails to show that there is a genuine issue for trial involving Ms. Johnson.

### F.    Eileen Purcell, Joe DaFoe, Dr. Steve Shelton

Mr. McCright broadly alleges Eileen Purcell, Joe DaFoe, and Dr. Steve Shelton violated his civil rights, but he fails to allege specific facts that show any of them were personally involved. Mr. McCright generally alleges the three were "fully aware" of his severe medical conditions, knew he needed treatment, and "had a history of denying prisoners medical care until their condition worsens or it becomes too late." *See id.* ¶¶ 34–35, 39. But he fails to allege

specific facts that any of the three were personally involved in the alleged deprivation of his civil rights. Nor does he support his conclusory allegations with any evidence.

### G.    Dr. Leland Beamer

As I discussed in my prior opinion, Mr. McCright alleged Dr. Beamer was unconstitutionally delaying his necessary heart surgery. Op. & Order [ECF 76] at 3–4. Since then, Mr. McCright has undergone surgery, and he continues to see outside medical providers. Leland Beamer Decl. [ECF 123] ¶¶ 7–9.

Mr. McCright fails to provide any evidence that would cause me to reach a different conclusion here than I reached in my first opinion. He has received the surgery he demanded in this lawsuit, and he fails to provide specific facts of any harm that accrued in the interim. A showing of mere delay without harm is insufficient to establish a constitutional deprivation under the Eighth Amendment. *Shapley*, 766 F.2d at 407.

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

Mr. McCright has failed to exhaust his administrative remedies on his urinary issues and his claim of being assigned a broken bed. I GRANT summary judgment in favor of Defendants on those claims and DISMISS them without prejudice.

Mr. McCright appropriately exhausted his administrative remedies as to (1) his claim of deliberate indifference as to his heart condition, and (2) his claim of deliberate indifference regarding the delay in receiving lidocaine patches after his open-heart surgery. However, he has failed to demonstrate that a genuine issue of fact exists regarding those claims. Accordingly, I GRANT summary judgment in favor of Defendants on those claims and DISMISS them with prejudice.

IT IS SO ORDERED.

DATED this 30 day of March, 2021.

MICHAEL W. MOSMAN
United States District Judge